THOMAS MOIES, Administrator, *vs.* THE ECONOMICAL MUTUAL
LIFE INSURANCE COMPANY *et als.*
CHARLES H. MERRIMAN, Receiver, *vs.* SAMUEL CLARK, Receiver, *et als.*

An insurance company has not an absolute right to collect the income of securities deposited with the general treasurer of the State under Gen. Stat. R. I. cap. 143, § 18, but may receive such income with the permission of the treasurer.

This permission the general treasurer will grant or refuse as the interests of the policy holders may require.   In case of refusal, the income accrues to the principal of the securities to pay, 1st, the policy holders, 2d, the other creditors.

BILL IN EQUITY brought to establish a lien and to obtain a transfer of certain trust funds.

September 14, 1867, the Economical Mutual Life Insurance Co. issued a policy on the life of Horace Daniels, payable in case of his death to his wife, Matilda E. Daniels.   Horace Daniels died December 14, 1876, and Matilda E. Daniels died January 3, 1876.   Thomas Moies, administrator on the estate of Matilda E. Daniels, recovered a judgment against the Economical Mutual Life Insurance Co., October 2, 1877, upon this policy.   Execution was issued and was returned unsatisfied, there being no property on which to levy it.

In accordance with the statute in force which now forms the following sections of Gen. Stat. R. I. cap. 143, the Economical Mutual Life Insurance Co. had deposited with the general treasurer of Rhode Island certain securities to protect its policy holders, the securities amounting to over $100,000.

" Sec. 17. In all cases in which the laws of any of the United States, other than this State, now require, and may hereafter require, that the insurance companies incorporated by the laws of other States, shall deposit with some officer of the State, in which such insurance company is incorporated, stocks or other securities, in trust or for the benefit of policy holders of such companies, as a prerequisite to such companies transacting business in such other State, the general treasurer of this State is hereby authorized to receive from any insurance company incorporated under the laws of this State, stocks or other securities, in such amount as may be required by the laws of such other State or States, on deposit and in trust for the benefit of the policy holders of such company.

" Sec. 18. The general treasurer shall hold such stocks or securities so deposited as security for policy holders in said company, but any company so depositing may be permitted to receive and to collect the interest and dividends on its securities so deposited, and from time to time to withdraw such securities, on depositing with the said general treasurer other securities of the same character, the market value of which, at the time of such deposit, shall equal or exceed the amount required to be deposited.

" Sec. 19. Whenever any insurance company shall have deposited the requisite stocks or other securities in conformity with the laws of the State or States in which such company is desirous of transacting business, the general treasurer shall furnish such company, at its expense, a certificate under seal, of such deposit for each State which shall require the same, which certificate shall embrace the items of security, and the amount of each thus deposited, and that he, said general treasurer, is satisfied that such stocks are of the market value represented; but no stock or other securities so deposited shall be withdrawn except as provided in the preceding section."

In 1873 the Economical Mutual Life Insurance Co. made an arrangement with the Republic Life Insurance Co. of Illinois, by which the latter was to receive all the assets of the former, and assume all its risks with the assent of the policy holders in the former company. In pursuance of this plan a majority in interest of the policy holders of the Economical Co. cancelled their claims by adjustment, lapse, or surrender, receiving new policies from the Republic Life Insurance Co.

November 24, 1877, Moies, as administrator, filed his bill against the Economical Mutual Life Insurance Co., the general treasurer of Rhode Island, and the Republic Life Insurance Co., setting forth his judgment, the return of *nulla bona* on his execution, the securities deposited by the Economical Co., and remaining in the hands of the general treasurer, and praying that his judgment might be made a first lien on such securities, with an alternative prayer for permission to prosecute his suit for himself and all other policy holders holding the same relation to the trust fund of these securities.   The bill also asked the appointment of a receiver for the trust fund, and that both insurance companies might be enjoined from collecting the income of the securities. An injunction was granted, and Samuel Clark was appointed receiver of the trust securities.

The Republic Life Insurance Co. had passed into the hands of a receiver, and December 26, 1877, on the application of the Insurance Commissioner of Rhode Island, this court appointed Charles H. Merriman receiver of the Economical Mutual Life Insurance Co.

January 22, 1878, Merriman, receiver, asked permission to become a party to Moies' bill, and an order made June 27, 1878, allowed him to appear to be heard on the form of decree.

July 15, 1878, Moies filed a supplemental bill against Merriman, receiver, Clark, receiver, and the respondents to his original bill, stating that the receiver of the trust securities had collected a large sum as income, and claiming a first lien on such income to satisfy his judgment, with an alternative prayer for the administration, conversion, and distribution of the trust securities under the direction of the court.

October 12, 1878, Merriman, receiver, filed his bill against Clark, receiver of the trust securities, the general treasurer of Rhode Island, Moies, as administrator, and the Republic Life Insurance Co., asking for a transfer to himself of all the trust securities, principal and income.   To this bill Moies and the receiver of the trust securities and the general treasurer demurred because ;

1. The bill was filed without permission of the court.

2. Moies' bill was still pending, and full relief could be given under that.

3. Merriman's bill was without equity.

The two cases were heard together.

*February* 22, 1879.  DURFEE, C. J.  We think an insurance company which has deposited stocks and securities with the general treasurer under Gen. Stat. R. I. cap. 143, § 18, has no absolute right to receive and collect the interest and dividends accruing thereon ; but can only receive and collect them by permission of the general treasurer.  The provision of § 18 is, that " any company so depositing *may* be permitted to receive and collect the interest and dividends on its securities so deposited." The word " may " in a statute is sometimes construed to have the meaning of " shall " ; but whether in any given case it has the meaning of *may*, or *shall*, depends on the intent of the legislature, to be ascertained from the context and design of the statute. The principal design here is security to policy holders, and we must construe the passage cited in the light of that design. Looking at the passage in that light, we think a discretion was meant to be reposed in the general treasurer, and that, though he has no right arbitrarily or wantonly to refuse permission to a company to receive or collect the interest and dividends, it is his right, and it may be his duty, to withhold or revoke his permission if it is done for the protection of the policy holders.  For instance, if the stocks and securities, after being deposited, should depreciate to any considerable extent, we think the general treasurer would have the right, and it would be his duty, not only to take the steps prescribed by § 21 of the same chapter, but also to withhold permission from the company to receive and collect the interest and dividends until the depreciation should be made good.  And so, of course, if the company becomes insolvent, and a receiver is appointed, the permission will be determined.  It follows, we think, that after the permission is determined, the interest and dividends will accrue to the principal fund and follow its destination : that is to say, it will be applied along with the fund, first to the payment of the policy holders, and then, if there is any surplus, it will go to the receiver for the equal payment of the other creditors, and, after them, if anything remains, for the company.

In this view the bill preferred by Moies is maintainable only as a policy holder's bill ; and, in that aspect, inasmuch as the receiver has now been made a party to it, we think it is sufficient

for the complete administration of the deposit in the hands of the general treasurer, and that there is no occasion for the bill preferred by the receiver,--which therefore ought to be dismissed.

*Decrees accordingly, and the case brought by Moies referred to a master to ascertain the claims against the trust securities.*

*Tillinghast & Ely*, for Moies, administrator, and Clark, receiver.

*Charles Hart & Rollin Mathewson*, for the Economical Mutual Life Insurance Company and Merriman, receiver.